IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TREVOR ADKINS, <br><br> Plaintiff, <br><br> v. <br><br> CHECKR, INC. <br><br> Defendant. | CIVIL ACTION NO: 5:17-cv-00472 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

### PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2.  The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

### JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

5. Plaintiff Trevor Adkins is an adult individual who resides at 8200 Micron Drive, Apt. 507, San Antonio, Texas, 78251.

6. Defendant Checkr, Inc. ("Checkr") or ("Defendant") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Checkr regularly conducts business in the Western District of Texas and has a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## FACTUAL ALLEGATIONS

7. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes an inaccurate criminal history labeling the Plaintiff as a convicted felon and personal identifying information.

9. The inaccurate information negatively reflects upon the Plaintiff, and misidentified Plaintiff as a convicted felon.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

11. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities through Uber. Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

12. Defendant failed to follow reasonable procedures to assure the maximum possible

accuracy of the information it reported about Plaintiff.  Had Defendant followed such procedures it would not have falsely reported a false conviction on Plaintiff's consumer report.

13.   As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

14.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15.   At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA

16.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.   At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

18.   At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19.   At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

20.   Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

21.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

22.     Plaintiff demands trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Statutory damages;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins (TX Bar No.: 24088777)
**THE ADKINS FIRM, P.C.**
2 Perimeter Park South, Suite 405 E
Birmingham, AL  35243
Telephone:    (205) 206-6718
Facsimile:     (205) 208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Representing Plaintiff*